UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REYES CRUZ, and all | § | |
| others similarly situated under | § | |
| 29 U.S.C. 216 (b), | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3-14-cv-04569-N |
| | § | |
| WASH MASTERS MANAGEMENT, L.L.C., | § | |
| WASH MASTERS, L.P. | § | |
| FAYEZ REZK, | § | |
| and ALI SHARAF | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT FAYEZ REZK'S MOTION TO DISMISS**

COMES NOW Plaintiff Reyes Cruz ("Plaintiff"), by and through undersigned counsel, and files this Response to Defendant Fayez Rezk's Motion to Dismiss and Brief in Support, and would respectfully show as follows:

**Introduction**

1. Plaintiff filed his Complaint against Defendants Wash Masters Management, L.L.C., Wash Masters, L.P., Fayez Rezk ("Rezk"), and Ali Sharaf ("Sharaf") (collectively, "Defendants") (together with Plaintiff, the "Parties") alleging overtime wage violations under the Fair Labor Standards Act ("FLSA") on December 31, 2014.  (**DE 1**).

2. Defendant Rezk filed his Motion to Dismiss and Brief in Support on March 30, 2015.  (**DE 19** and **DE 20**, respectively).

3. Defendant Rezk's Motion to Dismiss seeks to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court no longer has subject matter jurisdiction over Plaintiff's claims following an unaccepted Rule 68 Offer of Judgment.  *See* (**DE 19**) at pp. 1-2.

### Objections to Defendant Rezk's Evidence

Plaintiff objects to the unaccepted offer of judgment included in the Appendix in Support of Defendant's Motion to Dismiss as Exhibit B.  *See* (**DE 21-2**).  Pursuant to Federal Rule of Civil Procedure 68(b), evidence of an unaccepted offer of judgment is not admissible for any purpose except to determine costs. Fed. R. Civ. P. 68(b).  For this reason, the unaccepted offer of judgment should be struck from the record, or in the alternative, not considered by the Court as Defendant Rezk is not requesting that the Court determine costs at this time.

### Legal Standard

The Federal courts may only assert jurisdiction over "cases" or "controversies."  U.S. CONST. art. III, § 2.  Motions to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction can be categorized as either "facial" or "factual."  Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).  A defendant makes a "factual" attack on the Court's subject-matter jurisdiction when the defendant submits "affidavits, testimony, or other evidentiary materials." Id.  However, in the Fifth Circuit, a defendant cannot substitute "factual" attacks pursuant to Rule 12(b)(1) for a Rule 56 motion for summary judgment:  "[W]here issues of fact are central both to subject matter jurisdiction and the claim on the merits, we have held that the trial court must assume jurisdiction and proceed to the merits."  Montez v. Department of Navy, 392 F.3d 147, 150 (5th Cir. 2004).

### Argument and Authorities

1. The Supreme Court has never decided that an unaccepted Rule 68 offer of judgment moots a plaintiff's claim.  Indeed, the Supreme Court has actually provided guidance to the contrary.

Defendant Rezk implies that the Supreme Court has "recognized" that an unaccepted Rule 68 offer of judgment can moot a plaintiff's claim. BRIEF IN SUPPORT OF REZK'S MOTION TO DISMISS (**DE 20**) at p. 3 (citing City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000); Lake Coal Co., Inc.

v. Roberts & Schaefer Co., 474 U.S. 120 (1985)). Neither of the Supreme Court cases cited by Defendant Rezk addresses the issue of an unaccepted Rule 68 offer of judgment.

In City of Erie, the argument concerning mootness before the Supreme Court was that a case was rendered moot as the business involved was no longer in operation. City of Erie, 529 U.S. at 287. The Supreme Court ultimately found that the case was not moot as both sides still had an interest in determining if a city ordinance that was at the center of the dispute was enforceable and the business could resume operation at a later date. Id. at 288-89.

In Lake Coal Co., there appears to have been a full and complete settlement of the dispute between the parties. Lake Coal Co., Inc. v. Roberts & Schaefer Co., 474 U.S. 120 (1985). Despite the actual settlement of the dispute, the parties requested that the Supreme Court decide issues presented in the petition for writ of certiorari. Id. This appears to be the definition of a request for an advisory opinion and the Supreme Court appropriately ordered the case to be dismissed as moot. Id.

One other Supreme Court case cited by Defendant Rezk at another point in his Motion to Dismiss does address the issue of an unaccepted Rule 68 offer of judgment. Genesis Healthcare Corp. v. Symczyk was decided by a 5-4 decision and the majority assumed, without deciding, that an unaccepted Rule 68 offer of judgment could moot a plaintiff's claim after the plaintiff-respondent conceded the issue in the district court and court of appeals and failed to properly raise the issue before the Supreme Court. Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1528-29 (2013). This allowed the Supreme Court to proceed and analyze other issues that were properly presented by the parties. Id.

The dissent in Genesis, however, provided an in-depth analysis of the mootness issue. *See* Genesis, 133 S.Ct. at 1532-37 (Kagan, J., dissenting). Justice Kagan, joined by Justice Ginsburg,

Justice Breyer, and Justice Sotomayor, begins the dissent with the following statement: "The Court today resolves an imaginary question, based on a mistake the courts below made about this case and others like it."  Id. at 1532 (Kagan, J., dissenting).  After some initial discussion, the dissent provides a clear summary of the fatal defect with the "mootness-by-unaccepted-offer-of-judgment" defense theory:

> "By those measures, an unaccepted offer of judgment cannot moot a case.  When a plaintiff rejects such an offer - however good the terms – her interest in the lawsuit remains just what it was before.  And so too does the court's ability to grant her relief.  An unaccepted settlement offer – like any unaccepted contract offer – is a legal nullity, with no operative effect.  As every first-year law student learns, the recipient's rejection of an offer "leaves the matter as if no offer had ever been made." (internal citations omitted).[1]

The opinion of the dissenting Justices as to the "mootness-by-unaccepted-offer" theory was further clarified: "So a friendly suggestion to the Third Circuit: Rethink your mootness-by-unaccepted-offer theory.  And a note to all other courts of appeals: Don't try this at home."  Genesis, 133 S.Ct. at 1534 (Kagan, J., dissenting).  The sound reasoning of the dissent is only reinforced by the very language of Federal Rule of Civil Procedure 68 itself, which states: "An unaccepted offer is considered withdrawn, but it does not preclude a later offer.  *Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs*."  Fed. R. Civ. P. 68(b) (emphasis added).

As an unaccepted offer of judgment made pursuant to Rule 68 cannot, as a matter of law, moot Plaintiff's claim and evidence of an unaccepted offer is not admissible for the purpose of attacking the Court's subject matter jurisdiction, Defendant Rezk's Motion to Dismiss should be denied in its entirety.

---

1) Genesis, 133 S.Ct. at 1533 (Kagan, J., dissenting).

2. <u>Plaintiff has had no opportunity to conduct discovery to determine the actual full amount of his claim and Defendant Rezk has provided no evidence of Plaintiff's actual time records.</u>

Assuming, in the alternative, that an unaccepted offer of judgment could moot Plaintiff's claim, Plaintiff has not had an opportunity to conduct any discovery in this case and Defendant Rezk has produced no evidence of the actual time records relevant to Plaintiff's claim. This is critical as Defendant Rezk's Motion to Dismiss is a "factual" attack under Rule 12(b)(1) that attacks the merits of Plaintiff's claim by submitting evidence outside of the pleadings. *See* Paterson, 644 F.2d at 523. Defendant Rezk admits that the offer of judgment was based solely on Plaintiff's own affidavit which was submitted in support of Plaintiff's motion for conditional class certification. *See* BRIEF IN SUPPORT OF REZK'S MOTION TO DISMISS (**DE 20**) at pp. 1-2.

Plaintiff's affidavit was based on the evidence available to Plaintiff at the time the affidavit was made, which was primarily Plaintiff's memory of events. Notably, Plaintiff clearly stated that the facts in the affidavit were recounted to the best of Plaintiff's recollection. *See* EXHIBIT A to PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND CLASS NOTICE PURSUANT TO 29 U.S.C. § 216(B) (**DE 5-1**) at ¶ 2. Plaintiff indicated that the dates referenced in his affidavit were approximate. <u>Id.</u> Plaintiff also stated that the number of hours he alleged to have worked per week was an average. <u>Id.</u> While the affidavit does provide evidence of a general time frame for Plaintiff's employment by Defendants and that Plaintiff regularly worked overtime hours in excess of forty hours per week for Defendants, it does not purport to be an accounting of every overtime hour Plaintiff worked for Defendants.

Defendant Rezk has provided no evidence of Plaintiff's actual time records and has not even provided an affidavit stating that Defendant Rezk has reviewed Plaintiff's time records. *See generally*, BRIEF IN SUPPORT OF REZK'S MOTION TO DISMISS (**DE 20**); APPENDIX IN SUPPORT OF REZK'S MOTION TO DISMISS (**DE 21**). It is the Defendants' burden and responsibility as

employers to maintain time records.  *See* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946); 29 C.F.R. § 516.2.  These records could very well show that Plaintiff is actually entitled to damages in excess of the offer provided by Defendant Rezk.  However, as Defendants have access to these records and Plaintiff does not, Plaintiff has so far been able only to provide his best estimate of hours worked based on his recollection of events.  This estimate will likely change after Plaintiff is able to actually review the records and make a more accurate accounting of his hours worked and damages.

The facts of this case are similar to those in Reyes v. Carnival Corporation, a case from the Southern District of Florida.  *See* Reyes v. Carnival Corp., No. 04-21861-CIV, 2005 WL 4891058 (S.D. Fla. May 25, 2005).  In Reyes, the defendant made an offer of judgment that was actually in *excess* of the plaintiff's initial damage calculation and then moved to dismiss the plaintiff's claim under the same mootness theory presented by Defendant Rezk here.  Id. at *2-3.  The court denied the defendant's motion to dismiss after finding that there was a dispute as to whether the plaintiff had access to the defendant's pay records, which would provide evidence of the actual number of hours worked by plaintiff, at the time the plaintiff's initial damage estimate was calculated.  Id.

The court's holding in Reyes had the same ultimate effect as the holding of the Fifth Circuit in Montez v. Department of Navy.  In Montez, the Fifth Circuit reiterated its previous ruling that plaintiffs must be given a greater level of protection when the validity of their claim is attacked under the guise of Rule 12(b)(1) by analyzing the 12(b)(1) motion as if it were a Rule 56 motion for summary judgment.  *See* Montez v. Department of Navy, 392 F.3d 147, 150 (5th Cir. 2004) (quoting Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981)).  This protection is necessary as "factual" attacks under Rule 12(b)(1) would otherwise require plaintiffs to prove their case by

a preponderance of the evidence, often before the discovery process has even begun. *See* Ballew v. Continental Airlines, Inc., 668 F.3d 777, 781 (5th Cir. 2012).

A very recent decision from the Northern District of Texas examining this issue is Flores v. ACT Event Services, Inc. In Flores, the defendants filed a Rule 12(b)(1) motion to dismiss after the plaintiffs rejected a Rule 68 offer of judgment. Flores v. ACT Event Services, Inc., No. 3:14-CV-2412-G, 2015 WL 567960 at *1 (N.D. Tex. Feb. 11, 2015) (Fish, J.). The court's analysis of the Rule 12(b)(1) motion is extensive and includes citations to many of the same cases cited herein in addition to others as well. *See* Flores, 2015 WL 567960 at *3-6, 8. The court ultimately found that the defendants' Rule 12(b)(1) motion was a "factual" attack that went to the merits of plaintiffs' claims that should have been raised as a Rule 56 motion for summary judgment in order to provide a greater level of protection to the plaintiffs. Id. at *8 (citing Montez, 392 F.3d at 150). The court went on to find that even had defendants filed a Rule 56 motion, it would be improper to rule on a motion for summary judgment until further discovery had taken place, including the depositions of the defendants. Id. Flores also ultimately resulted in the denial of the defendants' Rule 12(b)(1) motion to dismiss. Id.

In summary, Defendant Rezk has not provided evidence to prove that his offer of judgment afforded Plaintiff all the relief to which he is entitled under the law: discovery has not yet begun and Plaintiff has not had the opportunity to conduct depositions or review time records, or any other documents, in the possession of the Defendants; under Montez, Defendant Rezk should have filed a Rule 56 motion for summary judgment as his Rule 12(b)(1) motion to dismiss is a factual attack on the merits of Plaintiff's claim, and even had Defendant Rezk filed the appropriate motion, it would be improper to rule on a motion for summary judgment until further

discovery has taken place. For all the reasons set out above, Defendant Rezk's Motion to Dismiss should be denied in its entirety.

3. <u>The strategy of attempting to moot an initial FLSA plaintiff's claim to avoid class certification violates the policies and purpose of the FLSA.</u>

The purpose of the FLSA is primarily to provide protection to hourly workers by making sure that they receive "a fair day's pay for a fair day's work." *See* <u>A. H. Phillips v. Walling</u>, 324 U.S. 490, 493 (1945). While each individual employee's claim may be relatively small, the FLSA includes a unique class certification system to allow multiple employees to bring their claims together in one suit. *See* 29 U.S.C. § 216(b). Plaintiff has filed a motion for conditional class certification in the present case. *See* PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND CLASS NOTICE PURSUANT TO 29 U.S.C. § 216(B) (**DE 5**). Defendant Rezk appears to be seeking to defeat the class notification and certification system built into the FLSA by attempting to moot Plaintiff's claim before the class can be certified by the Court as Defendant Rezk devotes a significant amount of his briefing to this very issue. *See* BRIEF IN SUPPORT OF DEFENDANT REZK'S MOTION TO DISMISS (**DE 20**) at pp. 2-5.

Multiple courts in various circuits have found this strategy to be improper and violative of the purpose behind the FLSA and have found such offers to be made in bad faith. *See* <u>Reyes</u>, 2005 WL 4891058 at *3-4; <u>Reed v. TJX Companies, Inc.</u>, No. 04 C 1247, 2004 WL 2415055 (N.D. Ill. Oct. 27, 2004). In <u>Reed</u>,[2] the Northern District of Illinois took particular issue with the defendant's attempt to purposefully moot the class action between the time of filing and the time of class notification and certification. <u>Reed</u>, 2004 WL 2415055 at *3 (citing <u>Crisci v. Shalala</u>, 169 F.R.D. 563, 568 (S.D.N.Y. 1996); <u>Goetz v. Crosson</u>, 728 F.Supp. 995, 1000 (S.D.N.Y. 1990)). The court compared the actions of the defendants with an attempt to "bar the courtroom

---

2) The facts of <u>Reyes</u> are discussed, *supra* at pp. 5-6.

door" to plaintiffs who have valid claims.  Id.  The defendant's motion to dismiss in Reed was ultimately denied.  Id.

As Defendant Rezk has not offered competent evidence as to the actual amount of Plaintiff's damages, Plaintiff disputes that Defendant Rezk has offered Plaintiff the maximum amount that he could recover under the FLSA, and Defendant Rezk's attempt to moot Plaintiff's claim appears to be an attempt to "bar the courtroom door" to other similarly situated employees in violation of the purpose of the FLSA, Defendant Rezk's Motion to Dismiss should be denied.

## Prayer

Wherefore, Plaintiff respectfully asks the Court to deny Defendant Rezk's Motion to Dismiss in its entirety.  Defendant Rezk may later attempt to move for summary judgment if justified regarding the allegations to which he takes exception.  In the alternative, should the Court consider Defendant Rezk's Motion to Dismiss to be properly categorized as a motion for summary judgment, Plaintiff requests that the Court allow Plaintiff to proceed with the discovery necessary to combat the motion and set the deadline for Plaintiff to respond to the motion no earlier than twenty-one (21) days after the deadline to file dispositive motions to be set out in the Court's scheduling order.

Respectfully submitted,

By: /s/ Joshua A. Petersen
J.H. Zidell
State Bar No. 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
State Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   972-233-2264
Fax:   972-386-7610

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 20th day of April, 2015.

/s/ Joshua A. Petersen
Joshua A. Petersen
Counsel for the Plaintiff(s)