IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REYES CRUZ,                        §
                                   §
          Plaintiff,               §
                                   §
v.                                 §        Civil Action No. 3:14-CV-4569-N
                                   §
WASH MASTERS MANAGEMENT            §
LLC, *et al.*,                     §
                                   §
          Defendants.              §

## ORDER

This Order addresses (1) Plaintiff Reyes Cruz's motion for conditional certification and class notice ("Pl.'s Mot. Conditional Certification") [Doc. 5]; (2) Defendants Wash Masters Management, LLC, Wash Masters, L.P., and Ali Sharaf's (collectively, "Wash Masters Defendants") motion to dismiss ("Wash Masters' Mot. Dismiss") [6]; and (3) Defendant Fayez Rezk's motion to dismiss ("Rezk Mot. Dismiss") [19].   Because, at this stage, there is sufficient evidence that similarly situated plaintiffs exist, the Court grants Cruz's motion in part and conditionally certifies the class as specified below.   The Court denies in part and grants in part Wash Masters' motion to dismiss.   The Court denies Rezk's motion to dismiss.

### I. EMPLOYMENT DISPUTE

On December 31, 2014, Cruz filed suit against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA").   Cruz's FLSA claims revolve around alleged wages owed for work performed in excess of 40 weekly hours.   Cruz seeks to represent all others

similarly situated, and he has moved to conditionally certify the class. Wash Masters Defendants and Rezk have moved to dismiss.

## II. THE COURT GRANTS CRUZ'S MOTION

### A. *Legal Standard for FLSA Collective Actions and Certification*

The FLSA allows an employee or group of employees to sue "any employer . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Classes under section 216(b) are "opt-in" classes – only employees who provide express written consent to join the suit may do so. *Id.* This requirement distinguishes FLSA class actions from the "opt-out" classes governed by Federal Rule of Civil Procedure 23. *See LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (concluding that "[t]hese two types of class actions are mutually exclusive and irreconcilable").

Courts have used two different procedures to certify FLSA classes. Most courts employ a two-step process adopted from *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). In the first step, "the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* at 1214 (footnote omitted). Generally, "'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single

decision, policy, or plan'" as evidence sufficient to move beyond the first step.  *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).  "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'"  *Id.* at 1214; *see also Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989) (holding that district courts may facilitate notice to potential plaintiffs).

The second step consists of a "decertification" analysis conducted, upon a defendant's motion, after the close of discovery.  Based on the evidence obtained during discovery, a court "makes a factual determination on the similarly situated question" in the second step. *Mooney*, 54 F.3d at 1214.  "If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Id.*  The *Lusardi* approach "lends itself to *ad hoc* analysis on a case-by-case basis."  *Id.* at 1213.

The second FLSA conditional certification procedure is based on the court's approach in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).  The *Shushan* procedure considers "the 'similarly situated' inquiry [under the FLSA] to be coextensive with Rule 23 class certification."  *Mooney*, 54 F.3d at 1214.  A court using the *Shushan* approach analyzes FLSA class certification through Rule 23 factors like numerosity, commonality, typicality, and adequacy of representation.  *Id.*  "Under this methodology, the primary distinction between an [FLSA] representative action and a [Rule] 23 class action is that

persons who do not elect to opt-in to the [FLSA] representative action are not bound by its results." *Id.*

The Fifth Circuit has expressly declined to endorse either approach over the other. *Id.* at 1216. Most courts in this District and elsewhere, however, use the two-step *Lusardi* method. *See, e.g.*, *Black v. SettlePou, P.C.*, 2011 WL 609884, at *2 (N.D. Tex. 2011); *Oliver v. Aegis Commc'ns Grp., Inc.*, 2008 WL 7483891, at *3 (N.D. Tex. 2008); 7B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1807 (3d ed. 2005) ("[M]ost courts in collective actions follow a two-stage certification process, although courts are not required to do so.") (collecting cases). The Court sees no reason to deviate from that practice here.

### B. The Court Conditionally Certifies an Opt-in Class

Cruz asks the court to conditionally certify a class consisting of the following people:

> Customer assistants and/or car washers who worked or performed work for Wash Masters Management, L.L.C., Wash Masters, L.P., Fayez Rezk, and/or Ali Sharaf during the time period December 31, 2011 to the present.

The Court must thus determine at this stage whether, in the words of several courts, there exists "some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (alteration in original) (quoting *Aguirre v. SBC Commc'ns, Inc.*, 2006 WL 964554, at *5 (S.D. Tex. 2006)). The Court finds such a nexus here.

The main issue before the Court in this motion is whether Cruz's affidavit is sufficient to support certification. In his affidavit, Cruz states that he worked an average of 60 hours

a week, but did not receive overtime pay. *See* Pl.'s Mot. Conditional Certification Ex. A ¶ 2 [5-1]. He further identifies by name 16 individuals that regularly worked more than 40 hours a week and were not paid overtime wages. *Id.* at ¶ 3. The Court concludes that, under the fairly lenient standard of the first stage of the *Lusardi* approach, Cruz has indeed proffered evidence sufficient for conditional certification of the class.

Rezk asserts that Cruz has insufficiently demonstrated that other individuals exist who are willing to join the suit. The Court recognizes that some courts in this Circuit require proof along these lines. *E.g.*, *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287 (N.D. Tex. 2012); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). The Court does not believe, however, that such a showing is necessary under Fifth Circuit precedent and declines to require one. *See Mooney*, 54 F.3d at 1214 n.8 (noting that most courts conditionally certify classes where plaintiffs offer "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan").

Moreover, as discussed in greater detail below, Cruz has sufficiently alleged that he and similarly situated individuals were denied pay owed under the FLSA, and further investigation into the merits of the case is unwarranted at the notice stage. *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 767 (N.D. Tex. 2013) ("[T]he Court does not decide the merits at the notice stage."); *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012) ("[C]ourts do not review the underlying merits of the action in determining whether to grant conditional certification."); *McKnight*, 756 F. Supp. 2d at 803–04 ("It is not

appropriate at this early stage to require the plaintiffs to present evidence that would be required to survive a motion for summary judgment. . . .  A plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons exists."). Accordingly, although Defendants urge this Court to deny conditional certification because they are not "employers," the Court will not consider this merits-based argument at this stage of the proceedings.

For these reasons, the Court finds that conditional certification is appropriate.

### C. The Court Grants Limited Discovery and Authorizes Notice

Discovery of information about putative opt-in class members is appropriate after conditional certification.  *See Hoffmann-La Roche Inc.*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."). Court-authorized notice is also appropriate, as that is at the heart of the first stage of the *Lusardi* approach.  *See id.* at 169–74 (upholding district courts' ability to facilitate notice to potential plaintiffs).

Thus, the Court grants Cruz's request for limited discovery.[1]  Furthermore, the Court approves the consent form included with Plaintiffs' motion.[2]  *See* Pl.'s Mot. Conditional

---

[1]In his motion for conditional certification and notice, Cruz requests "the names, last known addresses, and phone numbers of all [] proposed opt-in class members under oath no later than ten (10) days from the date the Court enters an order granting this Motion."  Pl.'s Mot. Conditional Certification 3.

[2]Wash Masters Defendants request the Court direct the parties to confer jointly regarding the language contained in the notice.  The Court concludes that Cruz's proposed notice is fair and accurate and that further submissions are unnecessary and would result in unneeded delay.  The Court accordingly denies Wash Master Defendants' request.

Certification Ex. B [5-2].   "[T]he general rule is that absent reasonable objections to plaintiff['s] proposed class notice, the plaintiffs should be allowed to use the language of their choice in drafting the notice." *Vargas v. Richardson Trident Co.*, 2010 WL 730155, at *11 (S.D. Tex. 2010) (internal quotation marks omitted); *see Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) ("[T]he Supreme Court has noted that the 'details' of notice should be left to the broad discretion of the trial court." (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 170)).   Having reviewed Defendants' objections to the language in the proposed notice, the Court declines to modify the proposed notice.

The Court next addresses Cruz's request for a protective order.  In his motion for conditional certification, Cruz requests an order that "Defendants not communicate directly or indirectly, with any current or former employees about any matters which touch or concern the settlement of any outstanding wage claims or other matters related to this suit during the opt-in period."  Pl.'s Mot. Conditional Certification 7.  Cruz has provided no authority in support of this request, and the Court determines that such an order would be inappropriate at this time. *See Castillo v. Hernandez*, 2011 WL 1528762, at *3 (W.D. Tex. 2011) ("While district courts may issue orders preventing parties or attorneys from contacting members or potential members of a class, because such orders are prior restraints on speech they implicate First Amendment concerns.  To avoid these potential problems, orders limiting contact must be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the

parties." (citations omitted) (internal quotation marks omitted)). The Court notes that Cruz may ask this Court to issue a protective order in the future should the need arise.

### III. THE COURT GRANTS IN PART AND DENIES IN PART WASH MASTERS DEFENDANTS' MOTION TO DISMISS

#### A. Standard for Dismissal

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### B.  The Court Denies Wash Masters Defendants'
### Motion As It Relates to Pleading

The provisions of the FLSA apply "(1) to an employer that has 'employees who in any workweek [are] engaged in commerce or in the production of goods for commerce' ('individual coverage'), or (2) to an employer that has employees 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 438 (N.D. Tex. 2012) (citing 29 U.S.C. §§ 206(a)(1), 207(a)(1)).  "Because coverage is an element of an FLSA claim, the plaintiff must allege facts that show coverage to survive a motion to dismiss."  *Traylor v. Dallas Area Habitat for Humanity, Inc.*, 2014 WL 3579810, at *3 (N.D. Tex. 2014).  Wash Masters Defendants maintain that Cruz has failed to provide sufficient facts to demonstrate that Defendants were subject to coverage under the FLSA.

**1.  Cruz Has Adequately Pled Individual Coverage.** –  In determining whether an employee engaged in commerce for the purpose of individual coverage, courts apply a practical test.  *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007). "The test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.  There is no *de minimis* requirement. [A]ny regular contact with commerce, no matter how small, will result in coverage." *Id.* (alteration in original) (internal quotation marks omitted).

Cruz alleges the following in support of individual coverage:

Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

Compl. ¶ 12. These allegations are sufficient to meet Cruz's pleading obligations for individual coverage.

### 2. *Cruz Has Adequately Pled Enterprise Coverage.* – Enterprise coverage exists

where the enterprise:

(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203(s)(1)(A). Wash Masters Defendants challenge the pleading of both of these requirements.

Cruz has adequately pled the first prong of enterprise coverage. "The first prong of the enterprise coverage definition can be met in one of two ways: (1) through the 'engaged in commerce' clause, which tracks the language used to determine individual coverage and can be analyzed in essentially the same manner; or (2) the 'handling' clause, which requires separate analysis. *Landeros v. Fu King, Inc.*, 12 F. Supp.3d 1020, 1023 (S.D. Tex. 2014)

(footnote omitted) (citing *Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 439–40

(N.D. Tex. 2012)).  In support of the first prong, Cruz alleges the following:

> Defendants regularly employed two or more employees for the relevant time
> period who handled goods or materials that [traveled] through interstate
> commerce, or used instrumentalities of interstate commerce, thus also making
> Defendants' business an enterprise covered under the Fair Labor Standards
> Act.

Compl. ¶ 15.  The Court finds these allegations sufficient to plead the first prong of

enterprise coverage.

Cruz has also adequately pled the second requirement of enterprise coverage – that

Defendants have annual gross volume of sales made or business done that is not less than

$500,000.  In support of this requirement, Cruz alleges the following:

> Upon information and belief, the Defendant Companies had gross sales or
> business done in excess of $500,000 annually for the years 2011, 2012, and
> 2013.
>
> Upon information and belief, the Defendant Companies' sales or business done
> is expected to exceed $500,000 for the year 2014.

Compl. ¶¶ 13–14.  Again, the Court finds these allegations sufficient to meet Cruz's pleading

requirements.

### 3. Cruz Must Replead His Claims Regarding Ali Sharaf.  – In a footnote of their

motion, the Wash Masters Defendants maintain that the claims against Sharaf should be

dismissed because Sharaf died three days before Cruz filed this lawsuit and Sharaf has not

been properly served.  Wash Masters' Mot. Dismiss 2 n.2.  The Court dismisses Sharaf and

grants leave to replead naming a representative of Sharaf's estate.  Cruz shall file an amended

complaint naming a representative of Sharaf's estate within fourteen (14) days of the date of this Order.

## IV.  THE COURT DENIES REZK'S MOTION TO DISMISS

Rezk moves to dismiss on the grounds that he made an offer of judgment to Cruz under Federal Rule of Civil Procedure 68, which Cruz denied.  The Court must determine whether Rezk's offer of judgment has mooted Cruz's claim such that dismissal is warranted. The Court notes that this issue has been the source of much attention across the circuits in recent years.  In fact, just days ago the Supreme Court granted a petition for a writ of certiorari in *Campbell-Ewald Company v. Gomez*, in which the Supreme Court will examine:

> (1) Whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim; (2) whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified[.]

Pet. Writ Cert. at i, *Campbell-Ewald Comp. v. Gomez*, No. 14-857 (cert. granted May 18, 2015).  The Court, however, finds it inappropriate to stay this matter until the Supreme Court decides the issues presented in *Gomez*.  It accordingly proceeds with the issue in accordance with the state of the law as it currently stands.

To understand the current state of the law in the Fifth Circuit, a brief history is in order.  In *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1041(5th Cir. 1981), the Fifth Circuit had to determine whether "a purported but uncertified class action [should] be dismissed for mootness upon tender to the named plaintiffs of their personal claims, despite the existence of a timely filed and diligently pursued pending motion for class

certification[.]"  The Court noted that under the general rule, "if the named plaintiffs'

individual claims become moot before a class has been certified, no justiciable claims are at

that point before the court and the case must . . . be dismissed for mootness.  *Id.* at 1046.

However, the Court also noted an important exception to the rule: the relation back doctrine.

*Id.* at 1046–47.  The relation back doctrine remedies a problem previously identified by the

Supreme Court.

> There may be cases in which the controversy involving the named
> plaintiffs is such that it becomes moot as to them before the district court
> can reasonably be expected to rule on a certification motion.  In such
> instances, whether the certification can be said to "relate back" to the filing
> of the complaint may depend upon the circumstances of the particular case
> and especially the reality of the claim that otherwise the issue would evade
> review.

*Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975).

In *Zeidman*, the Fifth Circuit acknowledged that the relation back doctrine typically

applied to save claims that are transitory in nature from mootness, yet determined that "the

result should be no different when the defendants have the ability by tender to each named

plaintiff effectively to prevent any plaintiff in the class from procuring a decision on class

certification."  651 F.2d at 1050.

> By tendering to the named plaintiffs the full amount of their personal
> claims each time suit is brought as a class action, the defendants can in
> each successive case moot the named plaintiffs' claims before a decision
> on certification is reached. A series of individual suits, each brought by a
> new named plaintiff, could individually be "picked off" before class
> certification[.]

*Id.*  Accordingly, the Fifth Circuit held that "a suit brought as a class action should not be

dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least

when, as here, there is pending before the district court a timely filed and diligently pursued motion for class certification." *Id.* at 1051.   If Cruz's motion were before this court in the wake of *Zeidman*, the Court's task would be quite simple.   In fact, the Fifth Circuit subsequently applied the relation back doctrine in a FLSA collective action case. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920–21 (5th Cir. 2008) ("The proper course, therefore, is to hold that when a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment.").   Recent case law, including an opinion from the Supreme Court, however, has complicated this issue.

Just two years ago, the Supreme Court decided *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013).   In *Genesis*, the Supreme Court held that a FLSA collective action case is not justiciable when the named plaintiff's individual claim becomes moot.  133 S. Ct. at 1526.   In so holding, the Court assumed without deciding that the named plaintiff's claims had become moot based on an unaccepted Rule 68 offer of judgment.  *Id.* at 1529.[3]   The Court also addressed the relation back doctrine and noted that the "inherently transitory" rationale did not apply.  *Id.* at 1531.   Perhaps most notably as it relates to the case before this Court, the dissent took issue with the assumption made by the majority.

> An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect. . . .   So a friendly suggestion to the Third

[3]The Court did not rule on that issue because it had been waived and no cross-appeal had been filed, but it did note that courts remain split on the issue.  *Id.*

> Circuit: Rethink your mootness-by-unaccepted-offer theory. And a note to all
> other courts of appeals: Don't try this at home.

*Id.* at 1533–34 (Kagan, J., dissenting).  So in the wake of *Genesis Healthcare*, the question

becomes: is *Zeidman* (and its progeny) still good law in the Fifth Circuit?

The Fifth Circuit definitively answered this question in the affirmative in *Mabary v.*

*Home Town Bank, N.A.*, 771 F.3d 820 (5th Cir. 2014), yet that opinion was withdrawn on

January 8, 2015.  In *Mabary*, the Fifth Circuit considered whether a case was moot where the

named plaintiff received a Rule 68 offer of judgment.  The Court noted, "We disagree,

moreover, with [defendant]'s contention that this Court's 'relation back' rationale does not

survive [*Genesis Healthcare*]."  *Mabary*, 771 F.3d at 824–25.  And so although the Fifth

Circuit addressed the issue directly, because the opinion is withdrawn, the Court must look

to other authority.

The Fifth Circuit again addressed the relation back doctrine in *Fontenot v. McCraw*,

777 F.3d 741 (5th Cir. 2015).  In *Fontenot*, the plaintiffs sought a refund of erroneously

assessed fees ("refund claim") and demanded the State expunge certain information from

their driving records ("record correction claim").  *Id.* at 746.  Although their complaint

included class allegations, the named plaintiffs did not immediately move for certification.

*Id.* at 745.  The Department of Public Safety eventually corrected the named plaintiffs'

records, necessitating a determination on whether the action was moot.  *Id.* at 747–48.  "The

current status of *Zeidman* may be in doubt[,]" the Fifth Circuit noted.  *Id.* at 750.  "*Genesis*

*Healthcare* does not foreclose the broader *Zeidman* approach to relation back doctrine, but

the Court's explanation undermines, at least in money damages cases, *Zeidman*'s analogy

between the 'inherently transitory' exception to mootness and the strategic 'picking off' of named plaintiffs' claims." *Id.* The Fifth Circuit, explicitly declined to determine whether *Genesis Healthcare* overruled *Zeidman,* however, because ultimately the case before it was distinguishable – whereas in *Zeidman* a motion for certification was timely filed and diligently pursued, in *Genesis Healthcare* no motion for certification was pending at the time DPS corrected the driving records. *Id.* The Fifth Circuit declined to further extend *Zeidman* to reach the facts of the case before it. *Id.* at 751.

With this legal framework in mind, the Court turns to the facts before it. Without an explicit mandate to the contrary, the Court follows the Fifth Circuit's determination that when "the plaintiffs have filed a timely motion for class certification and have diligently pursued it, the defendants should not be allowed to prevent consideration of that motion by tendering to the named plaintiffs their personal claims before the district court reasonably can be expected to rule on the issue." *Zeidman*, 651 F.2d at 1045. Although the Fifth Circuit has questioned the viability of this doctrine, it has ultimately declined to overrule it. The Court, therefore, determines that Rezk cannot secure a dismissal of this action through a Rule 68 offer of judgment to Cruz. Cruz timely filed a motion for conditional certification, and Rezk did not make an offer of judgment until after Cruz filed this motion. Accordingly, the Court denies Rezk's motion to dismiss.

## CONCLUSION

As it relates to Wash Masters' Defendants, the Court dismisses Sharaf and denies the motion in all other regards. The Court also denies Rezk's motion. Finally, the Court grants

Plaintiffs' motion and conditionally certifies the proposed class, grants limited discovery, and authorizes notice to potential plaintiffs.

In accordance with this ruling, the Court orders as follows:

1. Defendants shall provide Cruz, in electronic form, a list of the names, phone numbers, and last-known home addresses of all customer assistants and/or car washers who worked or performed work for Wash Masters Management, L.L.C., Wash Masters, L.P., Fayez Rezk, and/or Ali Sharaf during the time period December 31, 2011 to the present. This "Employee Information" is to be provided within ten (10) days of the date of this Order. Plaintiffs shall use the Employee Information only to send notice to potential opt-in plaintiffs.

2. Cruz shall mail a copy of the notice letter and consent form to each potential class member. This notice should conform to Cruz's proposed notice. Cruz shall mail these materials within seven (7) days after Defendants turn over the Employee Information (the "Mailing Date"). Potential plaintiffs shall have sixty (60) days from the Mailing Date to file a consent form opting-in to this litigation (the "Opt-In Period"), unless the parties agree to permit late filings.

3. Cruz's counsel shall date stamp the returned consent forms on the day they are received in counsel's office and retain any physical or electronic evidence showing the date the consent forms were postmarked or fax-stamped. All consent forms postmarked or fax-stamped on or before the last day of the Opt-In Period will be considered timely. The Court will not accept consent forms postmarked or fax-stamped after the Opt-In Period expires.

4. Within fourteen (14) days after the last day of the Opt-In Period, Cruz's counsel, on behalf of the opting-in plaintiffs, shall file the consent forms with the Court (the "Filing Date"), noting the received date for each individual. The Court will accept late-filed consent forms only for good cause.

5. The Court also orders that the parties may conduct additional class certification discovery for ninety (90) days after the Filing Date.

6. The Court further orders Defendants to file a motion for decertification within thirty (30) days after the close of class certification discovery, at which time the Court will apply the more stringent review required under the second stage of the *Lusardi* approach.

Signed May 29, 2015.

David C. Godbey
United States District Judge